**PEDIATRIC MEDICAL DEVICES, INC., Plaintiff,**

v.

**INDIANA MILLS & MANUFAC- TURING, INC., Defendant.**

**Civil Action No. 1:11–cv–2613–TCB.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 2, 2013.

Ann Grunewald Fort, William L. Warren, Sutherland Asbill & Brennan, LLP, Atlanta, GA, for Plaintiff.

Ann G. Schoen, Barry M. Visconte, Frost Brown Todd, Cincinnati, OH, Sumner Curtis Rosenberg, Ballard Spahr, Atlanta, GA, for Defendant.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

This patent-infringement case is before the Court on three related motions: Indiana Mills & Manufacturing, Inc.'s motion for summary judgment of noninfringement [50], its motion to file under seal exhibits 1 and 2 in support of its motion for summary judgment [51], and Pediatric Medical Devices, Inc.'s motion for relief under Federal Rule of Civil Procedure 56(d) [59].

### I. Background

PMD owns U.S. patent no. 7,281,285: a pediatric emergency transport device that improves upon the prior art and makes the transportation of pediatric patients safer and more efficient. One way that the claimed invention improves upon the prior art is by eschewing the use of straps or belts as a means for securing or fastening a pediatric transportation device to a conventional stretcher. All told, the '285 patent has four claims: one independent and three dependent.

PMD alleges that the SafeGuard Transport device manufactured by IMMI infringes all four claims of the '285 patent. IMMI denies infringement and has counterclaimed for a declaratory judgment of noninfringement and invalidity.

While PMD's claimed invention has several elements, the focus here is on the attachment limitation of claim 1: "said pediatric emergency transport device being operatively adapted for attachment to and detachment from a conventional stretch-er." The Court defined the scope of this limitation in the claim-construction order and reaffirmed that construction in its order denying PMD's motion for reconsideration. Thus, the attachment limitation means: "said pediatric emergency transport device designed and configured to attach to and detach from a conventional stretcher without the use of straps or belts."

Given this construction, IMMI has moved for summary judgment of noninfringement. It argues that the accused device does not infringe the '285 patent because it attaches to a conventional stretcher with the use of straps (joined together with a hook and bracket mechanism).

PMD counters that the accused device "[c]learly [i]nfringes" because "IMMI's attachment mechanism is not merely three straps—it is a hook and bracket structure that merely incorporates a strap element, and is designed and configured to engage with stretchers of various sizes as part of its operation." In its view, the accused product is thus " 'operatively adapted' for attachment to and detachment from a conventional stretcher."

### II. Discussion

#### A. Legal Standard

Summary judgment is proper when no genuine issue about any material fact is present, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant carries the initial burden and must show that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once

the movant satisfies this requirement, the burden shifts to the nonmoving party who must provide specific facts that show a genuine issue for trial remains. *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.,* 522 F.3d 1348, 1363 (Fed.Cir.2008).

The nonmovant must then "go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. And "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

■ This is equally true in patent cases. *Tokai Corp. v. Easton Enters., Inc.,* 632 F.3d 1358, 1366 (Fed.Cir.2011). For instance, summary judgment is appropriate when a reasonable jury could reach only one conclusion about infringement. *Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316, 1323 (Fed.Cir.2001). And "[s]ummary judgment of noninfringement is appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard of infringement, since such failure will render all other facts immaterial." *Id.*

**B.  Whether IMMI's Device Infringes the ′285 Patent**

■ "A patent infringement analysis involves two steps: (1) claim construction and, (2) application of the properly construed claim to the accused product."

*Telemac Cellular,* 247 F.3d at 1323. Claim construction is a question of law and focuses on the meaning and scope of the allegedly infringed patent claims. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed.Cir.1995) (en banc), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). "Infringement is a question of fact." *Charles Mach. Works, Inc. v. Vermeer Mfg. Co.,* 723 F.3d 1376, 1378 (Fed. Cir.2013). Proof of infringement requires the patentee to show "that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharm., Inc.,* 707 F.3d 1330, 1340 (Fed. Cir.2013). Where an accused product does not infringe an independent claim, it does not infringe any associated dependent claims. *Voter Verified, Inc. v. Premier Election Solutions, Inc.,* 698 F.3d 1374, 1383 (Fed.Cir.2012); *see also Wahpeton Canvas Co. v. Frontier, Inc.,* 870 F.2d 1546, 1553 (Fed.Cir.1989) ("It is axiomatic that dependant claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.").

**1.  There Are No Disputed Issues of Material Fact**

PMD attempts to stave off summary judgment by fashioning a triable question out of IMMI's allegedly false statement that "the only mechanisms used to attach the [accused product] to the ambulance stretcher" are three straps. PMD posits that the accused product "uses a hook and bracket mechanism that merely incorporates a strap component to attach to and detach from a convention stretcher." IMMI's motion for summary judgment never mentions the hook and bracket mechanism—an omission that PMD finds "conspicuous[ ]" and "highly relevant" because the Court's construction of the attachment limitation "does not exclude the

use of the hook and bracket mechanism of IMMI's Accused Product."

■ The Court disagrees. First, it is not surprising that IMMI's motion focuses solely on the accused product's use of straps. In light of the claim-construction order, the accused product infringes the '285 patent only if it is designed and configured to attach to and detach from a conventional stretcher *without the use of straps or belts*. The reconsideration order makes clear that the attachment limitation excludes the use of straps and belts "generally." Thus, how the straps are secured in order to fasten the accused device to the stretcher is irrelevant.

Second, the implication of PMD's claim that the accused product "merely incorporates a strap element" is clear: the hook and bracket mechanism is the star of the attachment-and-detachment show, while the straps merely play bit parts. But even if this were true, it would not create a jury question about the use of straps. Both parties agree that straps are part of the cast; they just see their roles differently. Summary judgment of noninfringement is therefore appropriate if "no reasonable jury could find every limitation recited in the properly construed claim . . . is . . . found in the accused device either literally or under the doctrine of equivalents." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed.Cir.2001).

### 2. Literal Infringement

Despite admitting that IMMI's device "incorporates a strap element"—*makes use of straps*—to attach to and detach from a conventional stretcher, PMD contends that the accused device "[c]learly [i]nfringes" the '285 patent.[1] In its view,

this conclusion follows from the discussion of the phrase *operatively adapted* for in the claim-construction order. For instance,

> The phrase "operatively adapt[ed] for" requires the attachment to be part of the [claimed invention's] design and operation, as compared to straps, which are more accurately described as a distinct means of attachment and not part of the device's design or its operation. . . .
>
> . . . .
>
> . . . Therefore, "being operatively adapted for" requires more than . . . merely be[ing] configured to, or simply hav[ing] the ability to, attach to a stretcher. Rather, the [claimed invention] must be designed and configured to engage with stretchers of various sizes as part of its operation.

[47 at 49–51].

PMD contends that the accused device's attachment mechanism—the hook and bracket structure that incorporates a strap element—is not a *strap* because it is "part of the [accused] device's design" or "its operation," and it is " 'operatively adapted' for attachment to and detachment from a conventional stretcher" because it is "particularly sized and positioned for engagement with the rails of a conventional stretcher" and "designed and configured to engage with stretchers of various sizes as part of [their] operation." IMMI's device, PMD concludes, literally reads on the attachment limitation.

■ PMD's contention is meritless. IMMI's product does not infringe the '285 patent unless, among other things, it is

---

1. PMD asserts that because IMMI's motion for summary judgment of noninfringement focuses exclusively on the attachment limitation, it has conceded that the accused product includes the other limitations in claims 1–4. This is incorrect. IMMI has neither conceded

nor waived any of the other defenses and counterclaims it pleaded. So even if IMMI's product reads on the attachment limitation, summary judgment of infringement—which PMD did not move for—would be inappropriate.

"designed and configured to attach to and detach from a conventional stretcher without the use of straps or belts." This is because "[i]f any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Cephalon,* 707 F.3d at 1340. In other words, "an accused product literally infringes if every limitation recited in the claim appears in the accused product, i.e., the properly construed claim reads on the accused product exactly." *Jeneric/Pentron, Inc. v. Dillon Co.,* 205 F.3d 1377, 1382 (Fed.Cir.2000).

Here, the accused product's straps are straps. To be sure, a patentee can act as his own lexicographer, giving words a meaning other than their ordinary and customary meaning. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed.Cir.1996). But in the '285 patent the term straps has not been specially defined and thus has "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1312 (Fed.Cir.2005) (en banc). Thus, PMD's attempt to shoehorn the accused product's straps within the attachment limitation fails because it rests on a meaning of *straps* that is different from that which a person of ordinary skill in the art at the time of the invention would assign to it. As a result, IMMI's product does not literally infringe the '285 patent.

### 3. Infringement Under the Doctrine of Equivalents

PMD does not contend that IMMI's product infringes the '285 patent under the doctrine of equivalents. This is for good reason. The Federal Circuit has made clear that the doctrine of equivalents cannot be invoked to "embrace a structure that was specifically excluded from the claims." *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.,* 242 F.3d 1337, 1345 (Fed.Cir.2001) (quoting *Dolly,*

*Inc. v. Spalding & Evenflo Cos.,* 16 F.3d 394, 400 (Fed.Cir.1994)) (internal quotation marks omitted). Here, the '285 patent "specifically identified, criticized, and disclaimed" the use of straps or belts and so "the doctrine of equivalents is inapplicable in this case." *Id.*

Because the accused product does not read on the attachment limitation—whether literally or under the doctrine of equivalents—IMMI's motion for summary judgment of noninfringement will be granted.

### C. PMD's Motion for Relief Under Rule 56(d)

PMD requests an opportunity to conduct additional discovery to defeat IMMI's motion for summary judgment. PMD supports its motion with the affidavit of its president, Stefanie Zucker. She claims that the additional discovery would reveal that the accused device reads on the attachment limitation as construed by the Court.

The Court disagrees. Under the claim-construction order, any use of straps or belts precludes literal infringement as well as infringement under the doctrine of equivalents given the '285 patent's criticism and disclaimer of the use of straps. That IMMI's product makes use of straps in attaching to and detaching from a conventional stretcher is undisputed. No amount of additional discovery can change this fact. Thus, PMD's Rule 56(d) motion will be denied.

### D. IMMI's Motion to Seal

IMMI's request to file under seal exhibits 1 and 2 to its memorandum in support of its motion for summary judgment will be granted.

### III. Conclusion

Indiana Mills & Manufacturing, Inc.'s motion for summary judgment of nonin-

fringement [50] is GRANTED, its motion to file under seal exhibits 1 and 2 in support of its motion for summary judgment [51] is GRANTED, and Pediatric Medical Devices, Inc.'s motion for relief under Federal Rule of Civil Procedure 56(d) [59] is DENIED.

